# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROSMAN ADJUSTMENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 8239 |
| ) | |
| LAURENCE BERNAY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Rosman Adjustment Corporation has sued Laurence Bernay for breach of contract, breach of fiduciary duty, and a declaratory judgment that it is excused from further performance under its contract with Bernay. Bernay removed the case to this Court from the Circuit Court of Cook County, Illinois based on diversity of citizenship. Bernay has moved to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court denies the motion.

### Background

Rosman is incorporated under Illinois law and has its principal place of business in Northbrook, Illinois. Rosman is in the business of commercial debt collection for customers throughout the country. Bernay is a resident of Atascadero, California and a citizen of that state. Before moving to California in 2008, Bernay lived and worked in Illinois for twenty-six years. Bernay is currently a fifty percent shareholder and director of Rosman. Bernay's brother Jerry owns the other fifty percent of Rosman's stock.

In 2007, while serving as president and secretary of Rosman, Bernay filed suit against Rosman. To settle the suit, Bernay and Rosman entered into a Settlement and Employment Agreement ("Agreement"). The negotiations that led to the Agreement took place in Illinois, but Bernay moved to California in February 2008, before the Agreement was executed. The Agreement was executed on November 18, 2008. Under the terms of the Agreement, Bernay was obligated to lead efforts to sell Rosman and also to make approximately eighty calls per week from California for sales or to Rosman clients. The calls were to be contemporaneously reported on Rosman's computer system, which is located in Illinois. Rosman agreed to compensate Bernay with an annual salary of $70,000, including eighty-two vacation days and thirty sick days.

In September 2012, Rosman sent Bernay a letter stating that it was terminating him for "refusal to provide valuable services." Rosman filed this suit on September 7, 2012. In its complaint, Rosman alleges that over the three and one-half year term of the Agreement, Bernay has only made one sale and has failed to use reasonable efforts to sell Rosman. Rosman also alleges that Bernay has exceeded his allowed number of vacation days. Rosman seeks compensatory damages and a declaratory judgment excusing it from further performance under the Agreement.

**Discussion**

Bernay has moved to transfer this case to the Central District of California pursuant to section 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties agree that

venue would be proper in the Central District of California.  Under section 1404(a), the moving party bears the burden of showing, "by particular circumstances, that the transferee forum is clearly more convenient."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

## A.     Convenience of the parties and the witnesses

In evaluating convenience of the parties and the witnesses, the Court considers "(1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses."  *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

### 1.     Plaintiff's choice of forum and the situs of material events

Courts generally accord substantial weight to the forum selected by the plaintiff, especially if, as in this case, the plaintiff has chosen its home forum.  *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995).  The plaintiff's choice of forum is not given significant weight, however, "when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events."  *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007); *Hyatt Corp. v. Pers. Commc'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at *2 (N.D. Ill. Dec. 15, 2004).

Rosman's choice of forum is not entitled to significant weight in this case.  The parties agree that the alleged breaches occurred in California.  Rosman argues that this does not make California the sole situs of material events because: (1) the Agreement was negotiated in Illinois; (2) the Agreement settled a previous lawsuit that was brought

3

by Bernay in Illinois while Bernay lived in this state; (3) Bernay remains a director and fifty-percent shareholder of Rosman; (4) Bernay's making of phone calls, or lack thereof, was logged on Rosman's computers in Illinois; and (5) the effects of the alleged breaches were felt by Rosman in Illinois. But although courts consider where the contract was negotiated and executed when discussing the situs of material events, the situs of material events in a breach of contract claim is typically considered to be the place where "the business decisions causing the breach occurred." *Hyatt Corp.*, 2004 WL 2931288, at *3; *see also Kelco Metals, Inc. v. Morgan*, No. 09 C 4476, 2010 WL 1427583 (N.D. Ill. Apr. 5, 2010); *Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002). In the present case, the contract expressly contemplated that all of Bernay's contractual obligations would be performed in California. Thus any failure to fulfill these obligations necessarily would have occurred in California. These same alleged failures are also the basis for Rosman's breach of fiduciary duty claim.

In sum, the material events took place in California, not in Illinois. For this reason, Rosman's choice of forum is not entitled to significant weight. In addition, the section 1404(a) factor regarding the situs of material events weighs in favor of transfer.

**2.    Relative ease of access to sources of proof**

The factor of ease of access to sources of proof is neutral in this case. Bernay provides no information on his sources of proof or where they are located. Rosman argues that Illinois is a more convenient forum because the books, records, and computer files material to its claims are located here. Bernay does not dispute the existence of these items or their materiality. Rosman provides no reason to believe, however, that sending the materials to California would impose an undue burden.

4

When documents used as sources of proof are easily transferrable, this factor is neutral. *First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006); *see also D'Ancona & Pflaum LLC v. M2 Software, Inc.*, No. 00 C 7150, 2001 WL 873021, at *2 (N.D. Ill. Aug. 2, 2001).

### 3. Convenience of the parties

As the moving party, Bernay must show that transferring the case to California would do "more than merely transform an inconvenience for one party into an inconvenience for the other party." *Hyatt Corp.*, 2004 WL 2931288, at * 3 (internal quotation marks omitted). Bernay argues that he would not be able to bear the expense of litigating in Illinois. In assessing this argument, the Court considers the parties' respective abilities to bear the expense of litigating in the proposed venues. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 776 (N.D. Ill. 1998). The moving party must provide factual support for any claim of inferior resources. *See Kelco Metals, Inc.*, 2010 WL 1427583, at *2. "When the inconvenience of the alternative venues is comparable . . . the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003).

Bernay claims that since his termination from Rosman, his only source of income is unemployment compensation. Bernay's termination undeniably eliminates a primary source of income. But Bernay is still a fifty percent shareholder of Rosman. This is a potential source of income that Bernay has neither quantified nor discounted. Because Bernay bears the burden of supporting his claim of inferior resources, the failure to provide evidence on this point counts against him. *See Kelco Metals, Inc.*, 2010 WL 1427583, at *2. In addition, it is not inherently unreasonable to expect a corporate

5

director and fifty percent shareholder to appear in the corporation's home forum, particularly when one of the claims against him is a claim for breach of fiduciary duty.

### 4. Convenience of the witnesses

The convenience of the witnesses is often considered to be the most important factor in deciding a motion to transfer. *Hanley*, 6 F. Supp. 2d at 775; *see also Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 65, 65 (N.D. Ill. 1994); *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989). As the moving party, Bernay must identify the key witnesses to be called and provide basic information about their anticipated testimony. *See Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989).

The only witness that Bernay references in his submissions to the Court is himself. The Court is unwilling to assume, without any support from Bernay, that there are likely non-party witnesses who are located in California. Although Bernay was obligated under the Agreement to make calls from California, the recipients from any such calls conceivably could have been anywhere in the country.

Rosman says that it intends to call four witnesses, all of whom are located in Illinois. All four of these witnesses, however, are Rosman employees. The convenience of employee witnesses typically is not given significant weight. *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 C 5484, 2006 WL 1543275, at *4 (N.D. Ill. June 1, 2006); *see also Hyatt Corp.*, 2004 WL 2931288, at *3 ("Party witnesses are considered to be under the control of the party and thus their voluntary appearance in court is assumed."). Because neither party has indicated an intention to call any non-party witnesses, this factor is neutral.

**B.     Interest of justice**

In deciding whether transfer serves the interest of justice, the Court considers: (1) the speed at which the case will go to trial; (2) each forum's interest in resolving the case; and (3) the Court's familiarity with the applicable state law.  *First Nat. Bank*, 447 F. Supp. 2d at 913-14.

**1.     Time to trial**

The most recent figures show that cases proceed to trial faster in the Central District of California (19.2 months) than here in the Northern District of Illinois (31.2 months).  *Compare United States District Courts – Caseload Profile*, UNITED STATES COURTS, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourt ManagementStatistics/2012/district-fcms-profiles-september-2012.pdf&page=68 *with* http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourt ManagementStatistics/2012/district-fcms-profiles-september-2012.pdf&page=47 (last visited Feb. 5, 2012).  The Court does not consider this statistic particularly significant, however, because it consists of an average of all types of cases, not just commercial disputes like this one.  *See Lang v. NeoGenomics Labs., Inc.*, No. 11 C 7158, 2012 WL 588963, at *2 (N.D. Ill. Feb. 22, 2012).  The Court is ready and willing to set a trial date no more than eighteen months from the date the case was removed to this Court as well as corresponding discovery completion and dispositive motion deadlines that will permit a trial within that time frame.  The time-to-trial statistics are not a significant factor here.

**2.     Each forum's interest in resolving the case**

Both venues have an equal interest in resolving this case because citizens of

7

both states are parties who will be affected by the outcome. This factor is neutral in this case.

### 3. Familiarity with the applicable state law

A federal court applies the choice of law rules of the state in which it sits. *Kelco Metals, Inc.*, 2010 WL 1427583, at *3. Illinois applies a two-step process in choosing the applicable law. First, "the [C]ourt chooses a presumptively applicable law under the appropriate jurisdiction-selecting rule." *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 164, 879 N.E.2d 893, 903 (2007). Second, the Court "tests [the] choice against the principles of § 6 [of the Restatement (Second) of Conflict of Laws] in light of [the] relevant contacts identified" by general provisions of the Restatement, such as sections 145 (concerning tort claims) and 188 (concerning contract claims). *Id.*

#### a. Breach of contract claim

The presumptive rule is that Rosman's breach of contract claim is governed by the law of the state where "all or a major portion of the services were to be performed." *Kelco Metals, Inc.*, 2010 WL 1427583, at *4. This points to application of California law.

The Court next looks to the factors listed in section 145 of the Restatement to examine whether Illinois has a more significant relationship to the claim than California. These factors include the place of contracting; the place of negotiation of the contract; the place of performance; the location of the subject matter of the contract; and the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* at *5. These factors cancel each other out in this case. The parties negotiated the Agreement in Illinois, but Bernay was living in California when he executed the Agreement. Bernay was to perform his obligations under the Agreement

8

in California, but Rosman was to perform its obligations in Illinois. The subject matter of the Agreement required Bernay to lead efforts to sell Rosman and its debt-collection services. These calls were to be made from California but conceivably could be made to persons or entities in other states. Because these factors are roughly evenly balanced, Illinois does not have a relationship to the claim that is sufficiently significant to defeat the presumptive choice of California law.

### b. Breach of fiduciary duty claim

There is no presumptive rule for choice of law for a claim of breach of fiduciary duty. *Miller v. Long-Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990). The Court determines the applicable law by using the "most significant relationship" factors from section 145 of the Restatement: "the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation, and place of business of the parties; and the place where the relationship between the parties is centered." *Id*. Courts generally consider the place where the injury occurred and the place where the conduct causing the injury occurred to be the most important factors in determining choice of law. *Id.*

The two most important factors offset each other in this case. The alleged injury to Rosman occurred at its place of business in Northbrook, Illinois. The alleged tortious conduct, however, occurred in California, where Rosman claims Bernay failed to provide the services that he was supposed to provide to Rosman. On the other hand, the breach of fiduciary duty claim centers around Bernay's position as a high-level employee. Although Bernay currently lives in California, his relationship with Rosman, which is what gives rise to the alleged fiduciary duty, was formed and developed in

Illinois. Taking all of these factors into account, it is likely that Illinois law will govern the breach of fiduciary duty claim.

In short, choice of law turns out to be a neutral factor. In any event, federal courts are assumed to be equally capable of applying different states' law in this sort of situation. *See Amoco Oil Co.*, 90 F. Supp. 2d at 962.

## Conclusion

Bernay has not met his burden to show that the Central District of California is clearly a more convenient forum than this district. In particular, at this point, Bernay has failed to show that the proposed transferee district would be more convenient for the parties or non-party witnesses. The Court therefore denies his motion to transfer [docket no. 16].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 6, 2013